**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-82517-CIV-CANNON**

**DEBORAH MENOTTE**,

Plaintiff,

v.

**TIMOTHY FOUFAS**,

Defendants.
________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

**THIS CAUSE** comes before the Court upon Defendant Timothy Foufas's Motion to Withdraw Reference to Bankruptcy Court [ECF No. 1]. Defendant has demanded a jury trial as to the claims raised against him in the Second Adversary Complaint in the Bankruptcy Court proceedings and seeks immediate withdrawal of the reference to the Bankruptcy Court as to trial for those claims [ECF No. 1, pp. 10-19].

Under 28 U.S.C. § 157(d), a district court may, for cause, withdraw the reference of a case or proceeding in bankruptcy. That provision provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The Court has considered the arguments made by Defendant in favor of withdrawing the reference immediately. The Court is not persuaded that the circumstances in this case tip the

balance in favor of withdrawing the reference immediately, as opposed to following the customary procedure of withdrawing the reference as to trial and dispositive motions but referring the case back to the bankruptcy court for a report and recommendations on case dispositive motions. *See In re Gunnallen Fin., Inc.*, No. 8:10-CV-2855-T-24, 2011 WL 398054, at *4 (M.D. Fla. Feb. 3, 2011) (noting that "even if withdrawal is appropriate, a district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions"). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Withdraw [ECF No. 1] is **GRANTED IN PART AND DENIED IN PART**.
2. The Court **WITHDRAWS** the bankruptcy reference insofar as it includes a reference for trial on any legal or factual issues and causes of action. When this proceeding becomes ready for trial, the Bankruptcy Court must promptly notify this Court. Subsequently, once this Court has placed the matter on its trial calendar, the Bankruptcy Court will transfer the case back to this Court.
3. The Court **WITHDRAWS** the bankruptcy reference as to all dispositive motions relating to non-core claims. In keeping with 28 U.S.C. § 157(c)(1), however, the Court **REFERS** all such motions to the bankruptcy court for proposed findings of fact and conclusions of law.
4. The Court **AFFIRMS** the reference to the bankruptcy court in all other respects. The bankruptcy court has the authority and responsibility to conduct, hear, and fully determine all other pretrial matters.

5. The Court **DIRECTS** the Clerk to administratively close this matter pending further pretrial proceedings before the Bankruptcy Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of December 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record